IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-22-BO
No. 5:09-CR-202-BO

| | |
|---|---|
| MICHAEL KENROY BELL,  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES,  )<br>Respondent.  )<br>_____) | O R D E R |

This matter is before the Court on *pro se* Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (DE # 162) and the Government's Motion to Dismiss (DE # 194). The Government's Motions is GRANTED; the Court GRANTS the Government's requested evidentiary hearing regarding Petitioner claim that his counsel failed to file a requested appeal. The rest of Petitioner's claims are DISMISSED.

## FACTS

On September 14, 2009, Petitioner entered a plea of guilty without a plea agreement to: (1) one count of conspiring to possess with the intent to distribute more than 50 grams of crack and more than 500 grams of cocaine; (2) one count of possessing with the intent to distribute more than 50 grams of crack and a quantity of cocaine; and (3) one count of illegal reentry of an aggravated alien. (DE# 73). On January 21, 2010, the Court sentenced Petitioner to 150 months of imprisonment, along with other penalties. (DE #96). Petitioner filed the instant § 2255 motion on January 18, 2011. (DE# 162).

1

Petitioner argues for three grounds of relief. First, he claims that his attorney provided constitutionally deficient counsel by not filing a notice of appeal, even though he asked his attorney to take such action. Second, Petitioner claims that his attorney provided constitutionally deficient counsel by failing to argue that he should benefit from the "safety valve" contained in 18 U.S.C. § 3553(f). Finally, Petitioner claims that, due to the disparity between sentences tied to crack and powder cocaine offenses, his sentence violated both the due process clause and the equal protection clause of the United States Constitution.

## DISCUSSION

The Court grants the parties request for an evidentiary hearing regarding Petitioner's first claim that his attorney failed to file a notice of appeal upon request. Petitioner's second and third claims are dismissed for failure to state a claim.

### Alleging attorney's failure to appeal upon request

Petitioner claims that his attorney failed to appeal his sentence upon request.

"[F]ailure to file a requested appeal is per se ineffective assistance of counsel, irrespective of the possibility of success on the merits." United States v. Foster, 68 F.3d 86, 88 (4th Cir.1995). A petitioner whose counsel failed to file a requested appeal does not have to show prejudice in order to obtain relief. Id.

In its brief, the Government states that Petitioner's former attorney denies Petitioner's claim. The Government thus requests an evidentiary hearing to resolve the matter. The request for a hearing is granted.

### Alleging ineffective assistance claim based on failure to argue for "safety valve"

Petitioner argues his attorney was constitutionally deficient when he failed to argue for the application of the "safety valve" contained in 18 U.S.C. § 3553(f).

2

In order to establish in effective assistance of counsel, Petitioner must show: (1) that trial counsel's representation fell below "an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-691, 694 (1984). Here, Petitioner has failed to carry his burden under either prong.

Petitioner would not have qualified under the safety valve contained in § 3553(f). Specifically, Petitioner could not have satisfied the fifth requirement of the provision, § 3553(f)(5), which requires the individual seeking the safety valve to show that he has "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses . . . ." According to the Presentence Investigative Report, Petitioner asked a co-defendant not to talk to authorities. This activity occurred after Petitioner's arrest. Given this activity, Petitioner's attorney acted well within the wide range of constitutionally acceptable conduct when he decided not to pursue the safety valve. Indeed, motioning for application of the safety valve would have likely been fruitless.

<u>Alleging unconstitutional disparity between crack and powder cocaine offenses</u>

Finally, Petitioner claims that, due to the disparity between sentences tied to crack and powder cocaine offenses, his sentence violated both the due process clause and the equal protection clause of the United States Constitution.

The Fourth Circuit has "repeatedly rejected claims that the sentencing disparity between crack and powder cocaine offenses violates either equal protection or due process." United States v. Wilson, 2010 WL 4561381, *2 (4th Cir. 2010) (citing United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996)); Banks v. United States, 2011 WL 773030, *2 (E.D.N.C. Feb 28, 2011)).

3

Additionally, the Fourth Circuit has declined to apply retroactively the provisions of the Fair Sentencing Act of 2010 that reduced the disparity between crack and powder sentences. Wilson, at *2. Petitioner's claim is accordingly without merit.

## CONCLUSION

The Court GRANTS the Government's requested evidentiary hearing regarding Petitioner's claim that counsel failed to file a requested appeal. The rest of Petitioner's claims are DISMISSED for failure to state a claim.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this 26 day of June, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE